RETURN DATE:       JANUARY 21, 2014        :        SUPERIOR COURT
                                                    :
JAMIE BUSTILLO-HERNANDEZ, PPA       :        JUDICIAL DISTRICT OF
ILIANA JEANETTE HERNANDEZ             :        STAMFORD/NORWALK
                                                    :
v.                                                  :        AT STAMFORD
                                                    :
OPTIMUS HEALTH CARE, INC. AND        :
LETITIA BORRAS, M.D.                       :        NOVEMBER 26, 2013

<u>**COMPLAINT**</u>

**(FIRST COUNT:       NEGLIGENCE AS AGAINST OPTIMUS HEALTH CARE, INC. AND LETITIA BORRAS, M.D.)**

    1.    Iliana Jeanette Hernandez brings this action on behalf of her minor daughter, Jamie Bustillo-Hernandez ("Jamie").

    2.    Pursuant to CGS 52-190a(b), the Clerk of the Superior Court, Judicial District of Hartford, has extended the statute of limitations on claims arising from Jamie's injuries, as alleged in this Complaint, by ninety days. (<u>See</u> Exhibit A).

    3.    At all times mentioned herein, the defendant Optimus Health Care, Inc. ("Optimus"), a Connecticut corporation, owned, maintained, and operated a medical facility known as "Stamford Community Health Center," and charged patients treated at the clinic such sums of money as it deemed a fair and reasonable consideration for the medical services, supervision, assistance, and care furnished by it, including but not limited to, where a patient does not have insurance, a sliding scale of payments.

SILVER GOLUB & TEITELL LLP • ATTORNEYS AT LAW
184 ATLANTIC STREET • P.O. BOX 389 • STAMFORD, CONNECTICUT 06904 • (203) 325-4491 • JURIS NO. 58005

4.     At all times mentioned herein, defendant Optimus employed and/or contracted with health care providers, including physicians, nurses, and other staff, who rendered care and treatment to patients of defendant Optimus.

5.     At all times mentioned herein, defendant Optimus employed or otherwise contracted with office personnel and others who assisted the physicians, nurses, and other staff in rendering care and treatment to patients of defendant Optimus, including but not limited to scheduling appointments, contacting patients for follow-up, and delivering referral information.

6.     Prior to and through the times mentioned herein, defendant Optimus engaged, agreed, undertook, and held itself out as having at said Stamford Health Care Center, and as being ready, willing and able to provide for the care and treatment of patients presenting to said Stamford Community Health Center, all reasonably necessary, fit, and proper facilities, and also an adequate number of reasonably competent administrators, nurses, therapists, secretaries, assistants, clerks, schedulers, and/or other office personnel to meet the requirements of the treatment and care of patients presenting to the Stamford Community Health Center, having due regard to the state and condition of health and infirmity of such patients, actual or reasonably to be anticipated, and having due regard to the quality and quantity of staff, servants, employees, facilities, provisions, equipment, care, diligence, and supervision provided and furnished generally by similar health care centers and medical offices.

SILVER GOLUB & TEITELL LLP   •   ATTORNEYS AT LAW
184 ATLANTIC STREET   •   P.O. BOX 389   •   STAMFORD, CONNECTICUT 06904   •   (203) 325-4491   •   JURIS NO. 58005

7.     At all times mentioned herein, the defendant Letitia Borras, M.D. ("Borras") was a duly licensed physician engaged in the practice of medicine in the State of Connecticut.

8.     At all times mentioned herein, the defendant Letitia Borras was an employee, agent, apparent agent, and/or servant of defendant Optimus and acting within the scope of her employment, agency, apparent agency, and or servitude.

9.     Prior to and through the times mentioned herein, Jamie was an infant that was seen for regular check-ups at the Stamford Community Health Center.

10.     At all times mentioned herein, various staff members, employees, apparent agents, agents, servants, and/or independent contractors of defendant Optimus participated in the care and treatment rendered to Jamie and/or in administrative, clerical, secretarial, and/or scheduling conversations and communications with Jamie's parents on behalf of their daughter.

11.     On April 21, 2010, Jamie presented to Stamford Community Health Center for an eighteen month well-child care visit, that is, a medical check-up after Jamie had reached eighteen months of age.

12.     That day, Jamie was examined by defendant Borras.

13.     Defendant Borras noted "[e]xotropia" in her assessment of Jamie.

14.     Exotropia is a type of strabismus, or improper alignment of the eyes, in which one eye points in towards the nose and the other eye points out.

184 ATLANTIC STREET   •   P.O. BOX 389   •   STAMFORD, CONNECTICUT 06904   •   (203) 325-4491   •   JURIS NO. 58005

SILVER GOLUB & TEITELL LLP   •   ATTORNEYS AT LAW

15.    The medical records demonstrate that defendant Borras never instructed Iliana Jeanette Hernandez of Jamie's exotropia, the potential import of that diagnosis, or any urgent need to see an ophthalmologist.

16.    The medical records demonstrate that no secretarial, clerical, administrative, or other employee, agent, apparent agent, or independent contractor of defendant Optimus ever instructed Iliana Jeanette Hernandez of Jamie's exotropia, the potential import of that diagnosis, or any urgent need to see an ophthalmologist.

17.    Instead, the only plan suggested by defendant Borras on April 21, 2010 was a hemoglobin level one test.

18.    Defendant Borras did not electronically sign the notes of the examination on April 21, 2010, even though she was the examining physician.

19.    Rather, the notes were electronically signed by "SYSADM1" almost two and a half years later, on October 1, 2012.

20.    The medical records list May 7, 2010, as a date on which defendant Borras purportedly encountered Jamie at the Stamford Health Center; however, the purported medical record for that date is devoid of any physical examination, impression, assessment, or plan and the only documentation of any kind is a chief complaint of "ophthalmology."

21.    Upon information and belief, there was no encounter or other engagement with Jamie or Iliana Jeanette Hernandez on May 7, 2010.

22.     Upon information and belief, Jamie did not visit the Stamford Community Health Center on May 7, 2010.

23.     Defendant Borras did not electronically sign the notes of the examination on May 7, 2010, even though she was the examining physician.

24.     Rather, the notes were electronically signed by "SYSADM1" almost two and a half years later, on October 1, 2012.

25.     On July 19, 2010, someone at Stamford Community Health Center faxed a referral to an ophthalmologist.

26.     Between April 21, 2010 and July 19, 2010, no such referral or notice of such referral was sent to Jamie or her parents.

27.     Between April 21, 2010 and July 19, 2010, Jamie's parents never received notice of the need for her to go to see an ophthalmologist emergently.

28.     Between July 19, 2010 and on or about September 1, 2010, no such referral or notice of such referral was sent to Jamie or her parents.

29.     Between July 19, 2010 and on or about September 1, 2010, Jamie's parents never received notice of the need for her to go to see an ophthalmologist emergently.

30.     On September 15, 2010, Jamie was examined by the ophthalmologist and diagnosed with possible left-eye retinoblastoma.

31.     However, the ophthalmologist did not inform Jamie's parents of the diagnosis.

32.     Instead, on or about September 18, 2010, the ophthalmologist referred Jamie to the Eye Care Center at a major regional medical center.

33.     Physicians at the Eye Care Center conducted an examination of Jamie under anesthesia on September 30, 2010, confirmed the presence of retinoblastoma, informed Jamie's parents for the first time, and recommended enucleation, or surgical removal of the globe of the eye.

34.     Jamie's parents sought to obtain a second opinion and took Jamie to be evaluated at a specialty hospital in New York the very next day, October 1, 2010, where the diagnosis of retinoblastoma was confirmed.

35.     On or about October 7, 2010, physicians at the Eye Care Center in Connecticut enucleated Jamie's left eye.

36.     Defendant Borras, for whose conduct defendant Optimus is also responsible, was careless and negligent in that she failed to provide the required appropriate and acceptable care, skill and treatment to Jamie, in that defendant Borras:

    a.      failed to properly treat and/or care for Jamie;

    b.      failed to explain to Iliana Jeanette Hernandez the import of assessing Jamie with exotropia or explaining to her what that was;

    c.      failed to provide a plan of care for how to address Jamie's assessed exotropia;

d.      failed to refer Jamie and/or failed to document the need for another to refer Jamie, through her mother Iliana Jeanette Hernandez, to an ophthalmologist with appropriate alacrity;

e.      failed to refer Jamie and/or failed to document the need for another to refer Jamie, through her mother Iliana Jeanette Hernandez, to an ophthalmologist with appropriate alacrity; and/or

f.      failed to follow up to ensure that Jamie indeed saw an ophthalmologist and received examination and treatment of her exotropia.

37.      As a result of the carelessness and negligence of defendant Borras, for whose conduct defendant Optimus is also responsible, the investigation, care, and treatment of Jamie's exotropia was significantly delayed.

38.      As a result of the carelessness and negligence of defendant Borras, for whose conduct defendant Optimus is also responsible, the diagnosis, care, and treatment of Jamie's left-eye retinoblastoma was significantly delayed.

39.      As a result of the carelessness and negligence of defendant Borras, for whose conduct defendant Optimus is also responsible, Jamie's left-eye retinoblastoma worsened, spreading locally through the eye.

40.      As a result of the carelessness and negligence of defendant Borras, for whose conduct defendant Optimus is also responsible, Jamie's left eye had to be enucleated.

41.     As a result of the carelessness and negligence of defendant Borras, for whose conduct defendant Optimus is also responsible, Jamie has permanently lost vision in her left eye and will suffer from diminished vision for the rest of her life.

42.     As a result of the carelessness and negligence of defendant Borras, for whose conduct defendant Optimus is also responsible, Jamie was deprived of the opportunity to have saved any useful vision in her left eye.

43.     As a result of the carelessness and negligence of defendant Borras, for whose conduct defendant Optimus is also responsible, Jamie is required to use a prosthetic eye.

44.     As a result of the carelessness and negligence of defendant Borras, for whose conduct defendant Optimus is also responsible, Jamie and/or her parents have incurred and will incur expenses for medical care and treatment of her eyes and potential medical complications relating thereto.

45.     As a result of the carelessness and negligence of defendant Borras, for whose conduct defendant Optimus is also responsible, Jamie now requires polycarbonate eyeglasses for eye protection.

46.     As a result of the carelessness and negligence of defendant Borras, for whose conduct defendant Optimus is also responsible, Jamie may suffer from potential medical complications, including but not limited to recurrence of disease and infection.

SILVER GOLUB & TEITELL LLP  •  ATTORNEYS AT LAW
184 ATLANTIC STREET  •  P.O. BOX 389  •  STAMFORD, CONNECTICUT 06904  •  (203) 325-4491  •  JURIS NO. 58005

47.     As a result of the carelessness and negligence of defendant Borras, for whose conduct defendant Optimus is also responsible, Jamie has suffered physical pain and anguish.

48.     As a result of the carelessness and negligence of defendant Borras, for whose conduct defendant Optimus is also responsible, Jamie has suffered and will in the future suffer physical and emotion pain and anguish.

49.     As a result of the carelessness and negligence of defendant Borras, for whose conduct defendant Optimus is also responsible, Jamie has suffered a loss of earning capacity.

50.     As a result of the carelessness and negligence of defendant Borras, for whose conduct defendant Optimus is also responsible, Jamie has been limited in her ability to participate in and enjoy life's activities.

**(SECOND COUNT: NEGLIGENCE AS AGAINST OPTIMUS HEALTH CARE, INC.)**

1-35.   Paragraphs 1-35 of the Second Count are incorporated herein as Paragraphs 1-35 of this, the Third Count.

36.     Defendant Optimus was careless and negligent in that its administrators, secretaries, assistants, clerks, schedulers, and/or other office staff failed to carry out their office duties and follow up on Jamie's care and physician instructions in that defendant Optimus:

        a.      failed to refer Jamie, through Iliana Jeanette Hernandez, to an ophthalmologist with appropriate alacrity;

184 ATLANTIC STREET  •  P.O. BOX 389  •  STAMFORD, CONNECTICUT 06904  •  (203) 325-4491  •  JURIS NO. 58005

SILVER GOLUB & TEITELL LLP  •  ATTORNEYS AT LAW

  b.  failed to communicate Jamie's referral to an ophthalmologist to Iliana Jeanette Hernandez until approximately September 2010;

  c.  failed to communicate to Iliana Jeanette Hernandez the urgent need for Jamie to see an ophthalmologist;

  d.  failed to follow up to ensure that Iliana Jeanette Hernandez was aware of the urgent need for Jamie to see an ophthalmologist;

  e.  failed to follow up to ensure that Jamie indeed saw an ophthalmologist and received examination and treatment of her exotropia;

  f.  failed to supervise its employees, agents, apparent agents, servants, and/or independent contractors of defendant Optimus in carrying out prompt referrals;

  g.  failed to supervise its employees, agents, apparent agents, servants, and/or independent contractors of defendant Optimus in carrying out prompt communications of referrals;

  h.  failed to establish appropriate procedures to ensure that referrals and communications of such referrals were promptly made.

37.  As a result of the carelessness and negligence of defendant Optimus, the investigation, care, and treatment of Jamie's exotropia was significantly delayed.

38.  As a result of the carelessness and negligence of defendant Optimus, the diagnosis, care, and treatment of Jamie's left-eye retinoblastoma was significantly delayed.

39.     As a result of the carelessness and negligence of defendant Optimus, Jamie's left-eye retinoblastoma worsened, spreading locally through the eye.

40.     As a result of the carelessness and negligence of defendant Optimus, Jamie's left eye had to be enucleated.

41.     As a result of the carelessness and negligence of defendant Optimus, Jamie has permanently lost vision in her left eye and will suffer from diminished vision for the rest of her life.

42.     As a result of the carelessness and negligence of defendant Optimus, Jamie was deprived of the opportunity to have saved any useful vision in her left eye.

43.     As a result of the carelessness and negligence of defendant Optimus, Jamie is required to use a prosthetic eye.

44.     As a result of the carelessness and negligence of defendant Optimus, Jamie and/or her parents have incurred and will incur expenses for medical care and treatment of her eyes and potential medical complications relating thereto.

45.     As a result of the carelessness and negligence of defendant Optimus, Jamie now requires polycarbonate eyeglasses for eye protection.

46.     As a result of the carelessness and negligence of defendant Optimus, Jamie may suffer from potential medical complications, including but not limited to recurrence of disease and infection.

11

47.     As a result of the carelessness and negligence of defendant Optimus, Jamie has suffered physical pain and anguish.

48.     As a result of the carelessness and negligence of defendant Optimus, Jamie has suffered and will in the future suffer physical and emotion pain and anguish.

49.     As a result of the carelessness and negligence of defendant Optimus, Jamie has suffered a loss of earning capacity.

50.     As a result of the carelessness and negligence of defendant Optimus, Jamie has been limited in her ability to participate in and enjoy life's activities.

PLAINTIFF JAMIE BUSTILLO-HERNANDEZ,
PPA ILIANA JEANETTE HERNANDEZ,

BY _____
ANGELO A. ZIOTAS
MICHAEL P. ROFFE
SILVER GOLUB & TEITELL LLP
P.O. BOX 389
184 ATLANTIC STREET
STAMFORD, CT  06904
(203) 325-4491 JURIS #58005

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Jamie Bustillo-Hernandez, PPA Iliana Jeanette Hernandez,

prays for relief from each defendant in the form of compensatory damages of an unspecified

amount greater than $15,000.00, exclusive of interest and costs, as well as attorneys' fees, costs

and any other relief the court deems just and proper.

JAMIE BUSTILLO-HERNANDEZ, PPA
ILIANA JEANETTE HERNANDEZ,

BY _____

ANGELO A. ZIOTAS
MICHAEL P. ROFFE
SILVER GOLUB & TEITELL LLP
P.O. BOX 389
184 ATLANTIC STREET
STAMFORD, CT  06904
(203) 325-4491 JURIS #58005

TO THE CLERK:
PLEASE ENTER THE FOLLOWING APPEARANCE FOR THE PLAINTIFF:

SILVER GOLUB & TEITELL, LLP
184 ATLANTIC STREET
P.O. BOX 389
STAMFORD, CONNECTICUT 06904
(203) 325-4491; JURIS #58005

## CERTIFICATE

I hereby certify that a reasonable inquiry has been made, as permitted by the circumstances, and this inquiry has given rise to a good faith belief on my part that grounds exist for an action against the named defendant. Pursuant to Connecticut General Statutes § 52-190a, copies of redacted written and signed opinions of similar health care providers as defined in Connecticut General Statutes § 52-184c, is attached to this certificate as Exhibit B.

ANGELO A. ZIOTAS

184 ATLANTIC STREET   •   P. O. BOX 389   •   STAMFORD, CONNECTICUT 06904   •   (203) 325-4491   •   JURIS NO. 58005

SILVER GOLUB & TEITELL LLP   •   ATTORNEYS AT LAW

# EXHIBIT A

SUPERIOR COURT
STAMFORD-NORWALK
JUDICIAL DISTRICT

2013 APR 17 P 4: 53

**IN RE:**      JAMIE BUSTILLO-HERNANDEZ

**PETITION FOR EXTENSION OF STATUTE OF LIMITATIONS**

I, JEANETTE HERNANDEZ, AS PARENT AND GUARDIAN OF JAMIE

BUSTILLO-HERNANDEZ, a minor child, respectfully petitions this Court, pursuant to C.G.S.

§ 52-190a(b), for a ninety (90) day extension of the statute of limitations to permit a reasonable

inquiry to determine in good faith whether grounds exist for an action in the nature of a medical

malpractice claim against one or more of the following:

Letitia Borras, M.D., Stamford Community Health Center, Stamford Health System, Inc.

d/b/a the Stamford Hospital and any other facilities, physicians, medical personnel, persons,

professional, corporations, entities, medical institution, hospitals, and/or facilities, and/or health

care personnel who may have been involved in the care and treatment of Jamie-Bustillo-

Hernandez.

Venue lies in the Judicial District of Stamford because, at the time of the incident, Jamie

Bustillo-Hernandez was a resident of Stamford, and Letitia Borras, M.D., Stamford Community

Health Center, Stamford Health System, Inc. d/b/a the Stamford Hospital are located and practice

in Stamford, Connecticut.

The statute of limitations has not yet run on this claim, but the claim could arise as early

as April 21, 2013.

FOR THE PETITIONER,

BY: _____
     ANGELO A. ZIOTAS
     MICHAEL P. ROFFE
     SILVER GOLUB & TEITELL LLP
     184 ATLANTIC STREET
     PO BOX 289
     STAMFORD, CT   06904
     203-325-4491

## **ORDER**

The foregoing petition having been presented to the Clerk pursuant to C.G.S. § 52-190a(b), it is hereby ordered GRANTED, extending the statute of limitations for claims resulting from the medical treatment rendered  Letitia Borras, M.D., Stamford Community Health Center, Stamford Health System, Inc. d/b/a the Stamford Hospital, and any other facilities, physicians, medical personnel, persons, professional, corporations, entities, medical institution, hospital, /and/or facilities, and/or health care personnel who may have participated in the care and treatment of Jamie Bustillo-Hernandez.

THE COURT,

CLERK / JUDGE

Dated: 4/17/2013

# EXHIBIT B

### *PHYSICIAN'S OPINION*
### *PURSUANT TO C.G.S. SECTION 52-190a*

### *(NOT SUBJECT TO GENERAL DISCLOSURE)*

*I* am a physician who is Board-Certified in Pediatrics with a Sub-Specialty in Pediatric Hematology/Oncology. I have been a licensed physician since 1977. I am a Professor of Pediatrics in the Division of Pediatric Hematology/Oncology at a major medical university. I am a scientist at a major medical university's cancer center and am a member of the National Board of Medical Examiners.

In my capacity as a physician, professor, cancer scientist, and examiner, I am familiar with the relationship between time of diagnosis, treatment, and complications of retinoblastoma.

I have reviewed medical records pertaining to the care and treatment Miss Jamie Bustillo-Hernandez received prior to the surgical enucleation of her left eye in October 2010, when she was just 2 years old. In particular, I have reviewed medical records from:

- Optimus Health Care, Inc. (Stamford Community Health Center) (10/06/2008-11/28/2011)
- The New York Eye and Ear Infirmary (10/01-10/06/2010)
- David H. McCullough, M.D. (9/15/2010-11/21/2011)
- Yale Eye Center (09/28/2010-12/06/2011)

Based on my review of these records, it is my opinion that there appears to be evidence of medical negligence on the part of Stamford Community Health Center, and any persons or entities legally responsible for their actions, including Optimus Health Care Inc., in Jamie's care and treatment in May-September 2010.

Stamford Community Health Center's records indicate that Letitia Borras, M.D., Jamie's pediatrician, saw Jamie on April 21, 2010, for a well-child care checkup at 18 months of age. Among other notes, Dr. Borras assessed that Jamie had exotropia, a type of strabismus, or improper alignment of the eyes, in which one eye points in towards the nose and the other eye points out.

Dr. Borras's records also indicate a follow-up visit on May 7, 2010. The only notes for that visit indicate that the reason for the visit was ophthalmology.

The medical records of David H. McCullough, M.D., indicate that Dr. Borras ordered a "referral to ophthalmology for exotropia" following Jamie Bustillo-Hernandez's office visit to Dr. Borras on May 7, 2010. Dr. McCullough's records further indicate that this referral was

faxed to his office on July 19, 2010, at approximately 2:41 p.m.

It is my understanding that no referral was sent for Jamie until July 19, 2010, when the referral was faxed to Dr. McCullough. It is further my understanding that Jamie's family did not receive any word of a referral to an ophthalmologist until on or about September 15, 2010, when her parents took her to a first appointment with Dr. McCullough.

On or about September 15, 2010, Dr. McCullough diagnosed Jamie with possible retinoblastoma and on or about that time referred Jamie to the Yale Eye Center, which confirmed the diagnosis and recommended enucleation.

Based on my education and experience, I know that enucleation of the eye is generally recommended and carried out in a case of pediatric retinoblastoma only when there is no chance of saving any useful vision.

Based on my review of the medical records in this case, it is my opinion that the delay in referring Jamie, an 18-month-old baby at the time of observation of exotropia, to an ophthalmologist for approximately three-to-five months following that observation, caused a significant delay in diagnosing Jamie's left eye retinoblastoma.

Based on my review of the medical records in this case, it is my opinion that the delay in diagnosing Jamie's left eye retinoblastoma – which was apparent to the first examining ophthalmologist – allowed the retinoblastoma to spread locally through the eye sufficient to require enucleation. It is further my opinion that, had the retinoblastoma been diagnosed earlier, Jamie's physicians would have had an opportunity to save some useful vision in her left eye.

The opinions stated herein are based upon the information available to me at this time. Should other information and evidence become available, I reserve the right to supplement and/or amend this opinion.

RETURN DATE:      JANUARY 21, 2014        :      SUPERIOR COURT
                                          :
JAMIE BUSTILLO-HERNANDEZ, PPA             :      JUDICIAL DISTRICT OF
ILIANA JEANETTE HERNANDEZ                 :      STAMFORD/NORWALK
                                          :
v.                                        :      AT STAMFORD
                                          :
OPTIMUS HEALTH CARE, INC. AND             :
LETITIA BORRAS, M.D.                      :      NOVEMBER 26, 2013

<u>**NOTICE OF DEPOSITION**</u>

PLEASE TAKE NOTICE that, pursuant to Practice Book §§ 13-26 and 13-27, the

plaintiff in the above-entitled matter will take the deposition of defendant **LETITIA BORRAS,**

**M.D. on WEDNESDAY, FEBRUARY 19, 2014 at 10:00 a.m. at THE LAW OFFICES OF**

**SILVER GOLUB & TEITELL, LLP, 184 ATLANTIC STREET, STAMFORD,**

**CONNECTICUT**.

Said deposition will be taken before an authorized officer and will be recorded

stenographically. Said deposition will continue from day to day until completed.

You are invited to attend and cross-examine at that time.

PLEASE TAKE FURTHER NOTICE, that pursuant to Connecticut Practice Book § 13-27(g),

the deponent is required to produce the following documents and materials[1] at the deposition:

---

[1]These requests include all documents and materials regardless of the original source, and
include information stored digitally or electronically.  These requests specifically exclude any
materials which are privileged or otherwise not subject to discovery by law; however, you are
requested to produce (or create a log of) any information which you claim is non-discoverable so

SILVER GOLUB & TEITELL LLP • ATTORNEYS AT LAW
184 ATLANTIC STREET • P.O. BOX 389 • STAMFORD, CONNECTICUT 06904 • (203) 325-4491 • JURIS NO. 58005

1.    Her **entire** file regarding the care and treatment of **Jamie Bustillo-Hernandez** including, but not limited to:

    a.    All medical, office and other records including, but not limited to: notes, correspondence, memoranda, reports, photographs, telephone messages, requisitions, computerized records and billing records in reference to **Jamie Bustillo-Hernandez;**

    b.    All original radiological studies, in reference to the planning of and actual treatment of **Jamie Bustillo-Hernandez;**

    c.    Copies of  medical references, articles or texts reviewed, consulted or utilized by her either at the time of, or subsequent to, the events of this matter, regarding the issues of this case;

    d.    Any and all non-privileged statements, as defined in Practice Book § 13-1, of any party in this lawsuit concerning this action or its subject matter, including statements made to a representative of an insurance company prior to involvement of a defense attorney in this matter;

2.    A copy of Dr. Borras' **entire** malpractice insurance contract that was in effect during April-September 2010;

---

that it may be identified (without disclosing the substance of the material) for determination, if necessary, by the court.

SILVER GOLUB & TEITELL LLP  •  ATTORNEYS AT LAW
184 ATLANTIC STREET  •  P.O. BOX 389  •  STAMFORD, CONNECTICUT 06904  •  (203) 325-4491  •  JURIS NO. 58005

3.    All employment contracts or agreements with Optimus Health Care, Inc.;

4.    Curriculum vitae; and

5.    List of continuing medical education courses taken for the past ten years.

PLAINTIFF JAMIE BUSTILLO-HERNANDEZ,
PPA ILIANA JEANETTE HERNANDEZ

BY _____

ANGELO A. ZIOTAS
MICHAEL P. ROFFE
SILVER GOLUB & TEITELL LLP
P.O. BOX 389,     184 ATLANTIC STREET
STAMFORD, CT  06904
(203) 325-4491 JURIS #58005

## CERTIFICATION

I hereby certify that a copy of the foregoing Notice of Deposition has been served with

the Complaint upon the following defendants:

Letitia Borras, M.D.
45 Dora - Apt. A,
Stamford, CT 06902
and/or Stamford Community Health Ctr.,
805 Atlantic St., Stamford, CT 06902

Optimus Health Care, Inc.
982 East Main Street,
Bridgeport, CT 06608

*By serving its agent for service:*
Ludwig M. Spinelli,
471 Barnum Avenue
Bridgeport, CT 06608

and/or

7 Maler Avenue
Shelton, CT 06484

ANGELO A. ZIOTAS

SILVER GOLUB & TEITELL LLP   •   ATTORNEYS AT LAW   •   JURIS NO. 58005
184 ATLANTIC STREET   •   P. O. BOX 389   •   STAMFORD, CONNECTICUT 06904   •   (203) 325-4491

RETURN DATE:    JANUARY 21, 2014     :     SUPERIOR COURT

                                                   :

JAMIE BUSTILLO-HERNANDEZ, PPA     :     JUDICIAL DISTRICT OF
ILIANA JEANETTE HERNANDEZ       :     STAMFORD/NORWALK

                                                   :

v.                                         :     AT STAMFORD

                                                   :

OPTIMUS HEALTH CARE, INC. AND       :
LETITIA BORRAS, M.D.               :     NOVEMBER 26, 2013

**<u>NOTICE OF DEPOSITION</u>**

    PLEASE TAKE NOTICE that, pursuant to Practice Book §§ 13-26 and 13-27,

the plaintiff in the above-entitled matter will take the deposition of the PERSON MOST

KNOWLEDGEABLE concerning **Jamie Bustillo-Hernandez** at defendant **OPTIMUS**

**HEALTH CARE, INC., on THURSDAY, FEBRUARY 20, 2014 at 10:00 a.m. at THE**

**LAW OFFICES OF SILVER GOLUB & TEITELL, LLP, 184 ATLANTIC STREET,**

**STAMFORD, CONNECTICUT**.

    Said deposition will be taken before an authorized officer and will be recorded

stenographically. Said deposition will continue from day to day until completed.

    You are invited to attend and cross-examine at that time.

PLEASE TAKE FURTHER NOTICE, that pursuant to Connecticut Practice Book § 13-27(g),

the deponent is required to produce the following documents and materials[1] at the deposition:

---

[1] These requests include all documents and materials regardless of the original source, and include information stored digitally or electronically. These requests specifically exclude any materials which are privileged or otherwise not subject to discovery by law; however, you are

SILVER GOLUB & TEITELL LLP • ATTORNEYS AT LAW • JURIS NO. 58005
184 ATLANTIC STREET • P.O. BOX 389 • STAMFORD, CONNECTICUT 06904 • (203) 325-4491

1. The **entire** file regarding the care and treatment of **Jamie Bustillo-Hernandez** including, but not limited to:

    a.    All medical, office and other records including, but not limited to: notes, correspondence, memoranda, reports, photographs, telephone messages, requisitions, computerized records and billing records in reference to **Jamie Bustillo-Hernandez**;

    b.    All original radiological studies, in reference to the planning of and actual treatment of **Jamie Bustillo-Hernandez**;

    c.    Copies of medical references, articles or texts reviewed, consulted or utilized by her either at the time of, or subsequent to, the events of this matter, regarding the issues of this case;

    d.    Any and all non-privileged statements, as defined in Practice Book § 13-1, of any party in this lawsuit concerning this action or its subject matter, including statements made to a representative of an insurance company prior to involvement of a defense attorney in this matter;

---

requested to produce (or create a log of) any information which you claim is non-discoverable so that it may be identified (without disclosing the substance of the material) for determination, if necessary, by the court.

SILVER GOLUB & TEITELL LLP • ATTORNEYS AT LAW

184 ATLANTIC STREET • P.O. BOX 389 • STAMFORD, CONNECTICUT 06904 • (203) 325-4491 • JURIS NO. 58005

2. A copy of Optimus Health Care, Inc.'s **entire** malpractice and liability insurance contracts that were in effect during April-September 2010.

3. All employment contracts or agreements with Letitia Borras, M.D.;

4. All office procedure manuals; and

5. All office training manuals for staff.

PLAINTIFF JAMIE BUSTILLO-HERNANDEZ,
PPA ILIANA JEANETTE HERNANDEZ

BY _____
    ANGELO A. ZIOTAS
    MICHAEL P. ROFFE
    SILVER GOLUB & TEITELL LLP
    P.O. BOX 389,    184 ATLANTIC STREET
    STAMFORD, CT  06904
    (203) 325-4491 JURIS #58005

SILVER GOLUB & TEITELL LLP • ATTORNEYS AT LAW • JURIS NO. 58005
184 ATLANTIC STREET • P.O. BOX 389 • STAMFORD, CONNECTICUT 06904 • (203) 325-4491

## CERTIFICATION

I hereby certify that a copy of the foregoing Notice of Deposition has been served with

the Complaint upon the following defendants:

Letitia Borras, M.D.
45 Dora - Apt. A,
Stamford, CT 06902
and/or Stamford Community Health Ctr.,
805 Atlantic St., Stamford, CT 06902

Optimus Health Care, Inc.
982 East Main Street,
Bridgeport, CT 06608

*By serving its agent for service:*
Ludwig M. Spinelli,
471 Barnum Avenue
Bridgeport, CT 06608

and/or

7 Maler Avenue
Shelton, CT 06484

_____
ANGELO A. ZIOTAS

SILVER GOLUB & TEITELL LLP • ATTORNEYS AT LAW • JURIS NO. 58005
184 ATLANTIC STREET • P. O. BOX 389 • STAMFORD, CONNECTICUT 06904 • (203) 325-4491